SANTIAGO ET AL., DEMANDANTES Y APELADOS, *v.* SANTIAGO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre desahucio.

No. 1785.—Resuelto en abril 15, 1918.

DESAHUCIO—CONFLICTO DE TÍTULOS.—Apareciendo de las alegaciones y la evidencia que existe un conflicto de títulos, es bien claro, de acuerdo con la constante jurisprudencia de esta Corte Suprema, que no es el juicio de desahucio el apropiado para resolverlo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Mercader.*

Abogado de los apelados: *Sr. Herminio Miranda.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de desahucio. Los demandantes alegan que son dueños de una finca de veinte y siete cuerdas situada en el barrio de Arrozal, del municipio de Arecibo, que

está ocupada por la demandada sin pagarles canon ni merced, y que han requerido a la dicha demandada para que deje libre la finca y no han podido conseguirlo.

La demandada contestó negando los hechos de la demanda y alegando:

"Que hace como 17 años la demandada se asoció a Modesto Rodríguez, en el barrio Arrozal de Arecibo, donde vivieron trabajando juntamente en la agricultura y el comercio, habiendo procreado unos siete hijos que están a cargo de la demandada, y durante todo ese tiempo adquirieron para ambos con el trabajo personal de cada uno, en 1904, diez y seis cuerdas por compra a Juan Figueroa, en 1907, ocho cuerdas a Ramón García, y tres cuerdas que compraron a Juan Martínez Tirado hace como 8 años, y todas esas adquisiciones forman la finca de 27 cuerdas descrita en la demanda de este caso; y alega la demandada que la referida finca en su mitad indivisa le pertenece y es dueña en propiedad y dominio pleno, por haberla adquirido con el trabajo material y constante en unión del mencionado Modesto Rodríguez, laborando diariamente los terrenos aludidos y atendiéndola aún más que su consocio el Rodríguez relatado. Y alega asimismo, que hace como dos años el susodicho Rodríguez que vivía en su compañía, dejó la finca y desertó de la casa de sus hijos, dejando a la demandada hecha cargo de la finca en cuestión, quién la ha venido trabajando desde entonces sola y con sus recursos, atendiendo a su administración, y poniendo de su peculio lo necesario para su cultivo y atención, y cuidando a la vez de los hijos abandonados y sin recurso."

Trabada así la contienda se celebró la vista, dictando finalmente la corte su sentencia en contra de la demandada. Esta interpuso entonces el presente recurso de apelación.

Hemos examinado la prueba practicada y la de la demandada tiende a demostrar las alegaciones de su contestación. Siendo esto así, esto es, apareciendo de las alegaciones y la evidencia que existe un conflicto de títulos, es bien claro, de acuerdo con la constante jurisprudencia de este tribunal, que no es el juicio de desahucio el apropiado para resolverlo. Véase *Virella* v. *Virella,* 23 D. P. R. 693, 698; *García* v. *Brignoni et al.,* 22 D. P. R. 356, 365; *Cabassa* v. *Bravo,* 21 D. P. R. 353, 355; *Miranda* v. *Camerón et al.,* 19 D. P. R. 488; *To-

*rres et al.,* v. *Pérez,* 18 D. P. R. 573;  *Pesquera* v. *Fernández,* 16 D. P. R. 235;  *Elzaburu* v. *Chávez,* 15 D. P. R. 17;  y *Mehrhof* v. *Rodríguez et al.,* 14 D. P. R. 59, 67 y casos en él citados.

En tal virtud debe declararse con lugar el recurso, revocarse la sentencia apelada y en su lugar dictarse otra desestimando la demanda, sin especial condenación de costas.

> *Revocada la sentencia apelada y dictada otra desestimando la demanda, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Aso ciados Wolf, Aldrey y Hutchison.